IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD ASCENCIO,<br><br>Defendant. | Case No. 21-cr-00010-DKW-3<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A) (COMPASSIONATE RELEASE)** |

On November 26, 2024, Defendant Richard Ascencio, proceeding *pro se*, filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) for compassionate release from his 42-month term of imprisonment. Ascencio asserts that he should be released early to home confinement because he suffers from serious medical conditions—including, most notably, Charcot Foot—which limit his ability to provide self-care within the correctional setting and for which the Bureau of Prisons ("BOP") refuses to provide him proper treatment. Ascencio has failed, however, to provide *any* support for these allegations and, indeed, the available medical records indicate precisely the opposite. Consequently, his motion for compassionate release, Dkt. No. 165, is DENIED, as more fully discussed below.

## FACTUAL & PROCEDURAL BACKGROUND[1]

On September 21, 2022, Ascencio pled guilty without a plea agreement to two counts, including: (1) conspiracy to distribute and to possess with the intent to distribute five grams or more of methamphetamine; and (2) possession with the intent to distribute five grams or more of methamphetamine. *See* Dkt. Nos. 42 & 92. In doing so, Ascencio admitted, as relevant here, to conspiring to smuggle methamphetamine into the Oʻahu Community Correctional Center ("OCCC") on behalf of an inmate while Ascencio was employed as a corrections officer. *See* Dkt. No. 92; *see also* Dkt. No. 160 at 6–9 (describing offense conduct).

On December 12, 2023, Ascencio appeared for sentencing.[2] *See* Dkt. No. 161. During sentencing, the Court adopted the revised Presentence Investigation Report ("PSR") without change. *See* Dkt. No. 161; Dkt No. 163 at 1. In doing so, the Court found Ascencio's total offense level to be 21 and his criminal history category to be I, resulting in a Sentencing Guidelines range of 37 to 46 months of incarceration. *See* Dkt. No. 160 at 26; Dkt. No. 163 at 1. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Ascencio to a mid-

---

[1]The Court assumes the parties' familiarity with the procedural and factual background of this case and, thus, sets forth only the background necessary to understand the immediate issues.
[2]On December 1, 2023, Ascencio filed a motion to continue sentencing due to his "ongoing medical issues." *See* Dkt. No. 153. The Government opposed the motion and provided updated information from Ascencio's physician which contradicted Defendant's claims. *See* Dkt. No. 156. The Court consequently denied Ascencio's motion to continue sentencing. *See* Dkt. No. 157

Guidelines range sentence of 42 months as to each count, terms to run concurrently.  *See* Dkt. No. 161; Dkt. No. 162 at 3.

Ascencio is now incarcerated at the United States Medical Center for Federal Prisoners Springfield—a BOP medical facility located in Springfield, Missouri.[3]  On November 26, 2024, Ascencio filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[4][5]  Dkt. No. 165.[6]  On December 10, 2024, the Government filed an opposition.  Dkt. No. 168.  Despite ample opportunity to do so, Ascencio failed to reply, and the Court now considers briefing to be complete.  Pursuant to Criminal Local Rule 12.2(a)(1), the Court elects to decide this matter without a hearing, and this Order now follows.

## **STANDARD OF REVIEW**

Ordinarily, a "court may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  In rare circumstances, however, the Court may

---

[3]*Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (select "Find By Name," enter "Richard" in "First" and "Ascencio" in "Last," and select "Search") (last accessed Jan. 14, 2025).
[4]Ascencio's motion also seeks the appointment of counsel.  *See* Dkt. No. 165 at 12.  Notably, however, there is no right to counsel in the context of a compassionate release motion.  *See United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996).  Rather, the "decision whether to appoint counsel rests in the discretion of the district court."  *Id.* at 513 (quotation marks and citation omitted).  And here, Ascencio has provided *no* reason for the Court to do so.  *See* Dkt. No. 165 at 12.  Consequently, Ascencio's request for appointment of counsel is DENIED.
[5]Ascencio also requests that the attachments to his motion be sealed.  *See* Dkt. No. 165 at 1; Dkt. No. 165-1 at 1.  For good cause appearing, and with there being no stated opposition, the request is GRANTED.
[6]In citing to Ascencio's motion and attachments, the Court utilizes the page numbers assigned by CM/ECF in the top right corner of each page, rather than the page numbers at the bottom of each page, because the latter does not extend consistently throughout each document.

grant a defendant compassionate release under 18 U.S.C. § 3582(c)(1)(A) if: (1) the defendant has fully exhausted his administrative remedies; (2) there are "extraordinary and compelling reasons" which warrant a reduction in sentence; (3) such reduction would be "consistent with applicable policy statements"[7] issued by the United States Sentencing Commission; and (4) the Court has considered the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022). In bringing a motion under this section, the defendant bears the burden of establishing that he is eligible for compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

## DISCUSSION

### I.   Extraordinary and Compelling Reasons

Ascencio primarily contends[8] that he should be released early to home confinement because he suffers from severe medical conditions, including, most notably, Charcot Foot—a "[r]are but serious complication" which causes

---

[7] The applicable policy statement is set forth at Section 1B1.13 of the Sentencing Guidelines and provides that "extraordinary and compelling reasons" may include: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) abuse while in custody; (5) other reasons similar in gravity to reasons 1 through 4; and (6) an unusually long sentence. *See* U.S.S.G. § 1B1.13(b). In addition, prior to granting a motion for compassionate release, the Court must find that "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)." *See* U.S.S.G. § 1B1.13(a)(2).

[8] Because Ascencio is *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

deformation of "the bones, joints, and soft tissues of the foot and ankle" and which "substantially impair[s] his ability to provide self-care by confining him to either walking with a cane on better days or needing a wheelchair on worse days."[9]  *See* Dkt. No. 165 at 6, 8.  According to Ascencio, prior to his incarceration, his medical provider informed him that he could undergo a procedure that would "repair/stabilize[] his foot condition."  *See id.* at 6, 8.  However, "the BOP has not taken the same position," and his Charcot Foot has now "deteriorated to the point of needing corrective surgery that the BOP is not inclined to provide."  *See id.* at 6, 8.  Moreover, "[t]he medical staff at MCFP Springfield" have reportedly "expressed concerns about their limited resources and inability to provide the necessary level of care required for Mr. Ascencio's conditions."  *Id.* at 6.  As a result, Ascencio claims that he faces potential amputation of his foot and "will not be able to adequately care for himself in a prison setting without constant and near-daily interventions by medical caregivers."  *See id.* at 6, 9–10.

---

[9] It is unclear whether Ascencio asserts any other basis for compassionate release, such as rehabilitation and remorse.  *See, e.g.*, Dkt. No. 165 at 7 (explaining that Ascencio is a "non-violent first time drug offender" who has "devoted time to bettering himself participating in programs" and "has had no disciplinary issues while incarcerated.").  To the extent that he does, none of these asserted grounds rise to the exceptional circumstances required to be an "extraordinary and compelling" reason for relief.  *See United States v. Steidell*, 2024 WL 1414195, at *6 (D. Haw. Apr. 2, 2024); *see also United States v. Martin*, 2021 WL 134602, at *2 (S.D. Ky. Jan. 13, 2021) ("good behavior and education, which are expected of incarcerated individuals, do not constitute 'extraordinary and compelling circumstances' that warrant a sentence reduction.").

Pursuant to Section 1B1.13(b)(1) of the Sentencing Guidelines, a defendant's medical circumstances may constitute "extraordinary and compelling" reasons for compassionate release where, as relevant here:

(B)  The defendant is—

(i) suffering from a serious physical or medical condition,
(ii) suffering from a serious functional or cognitive impairment, or
(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(B)–(C).

Here, however, despite his sweeping arguments, Ascencio provides no *evidence* as to his medical conditions, inability to care for himself, prognoses, previous treatment recommendations, current treatment needs, or why the BOP *medical* facility at which he is currently incarcerated is supposedly unable or unwilling to meet those needs.[10]  *See generally* Dkt. No. 165.  To the contrary, it

---

[10]Beyond Charcot Foot, Ascencio also appears to claim that the BOP has failed to provide him with "a high enough dose of pain medication for pain management." Dkt. No. 165 at 9.  Again, however, he provides *no* supporting evidence for this claim, and it appears to be largely

appears from the voluminous medical records supplied by the Government[11] that the BOP has offered Ascencio extensive and specialized medical care and accommodations, including, *inter alia*, frequent doctor visits, off-site appointments, ongoing wound care for his foot, mobility aids, elevator passes, and orthotic shoe inserts.[12] *See, e.g.*, Dkt. No. 168-1 at 6, 9, 86, 111, 115, 133, 366. Indeed, even Ascencio appears to recognize the same.[13] *See* Dkt. No. 165 at 9 (noting the "attentive environment" provided by "the doctors and staff at Springfield Medical Center for Federal Prisoners."). As a result, the Court finds that Ascencio has failed to meet his burden of showing that his medical circumstances constitute "extraordinary and compelling" reasons for compassionate release. His motion, Dkt. No. 165, is therefore DENIED.

## II.   Section 3553(a) Factors

Ascencio's failure to establish an "extraordinary and compelling" reason for compassionate release is fatal to his motion. *See United States v. Keller*, 2 F.4th

---

contradicted by BOP medical records. *See, e.g.*, Dkt. No. 168-1 at 96–98 (addressing Ascencio's acetaminophen dosage at his request).

[11] Not only did Ascencio not provide such records in his initial motion, but his failure to file a reply brief means that he has not pointed to anything in the Government's records that might support his claims.

[12] Notably, Ascencio *declined* these inserts, which may have helped address the ailments he now claims. *See* Dkt. No. 168-1 at 111, 133.

[13] It even appears that some of Ascencio's medical conditions have improved or stabilized while incarcerated at MCFP Springfield. *See, e.g.*, Dkt. No. 168-1 at 11, 23–24, 76, 458 (documenting improvements in his edema, weight, blood pressure, and A1C levels, and the stabilization of his chronic kidney disease).

1278, 1284 (9th Cir. 2021). Nevertheless, even if the Court were to find that Ascencio's medical circumstances constituted "extraordinary and compelling" reasons for release, release or reduction would still not be warranted after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See id.*

Here, Ascencio asserts that his medical impairments "affect[] factors of sentencing in ways not previously considered" because his limited mobility prevents him from "physically be[ing] the same danger to the community that this Court once considered him to be" and "his pain and suffering have served as additional unforeseen punishment" and a "deterrence to crime." *See* Dkt. No. 165 at 7. Even if true, however, the Court's original sentence was based on far more than the factors Defendant mentions. Rather, in arriving at its 42-month sentence, the Court also considered aggravating factors, including that Ascencio conspired to smuggle methamphetamine into the very prison facility where he was employed as a corrections officer and, when caught, lied to investigators on two separate occasions about his knowledge and involvement in the offense. *See* Dkt. No. 160 at 26. Such considerations have not changed from when Ascencio was sentenced just over a year ago. *See* Dkt. No. 161. Accordingly, compassionate release is DENIED for this additional reason.

## **CONCLUSION**

For the reasons set forth herein,[14] Defendant Richard Ascencio's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), Dkt. No. 165, is DENIED.

IT IS SO ORDERED.

DATED: January 14, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[14]The Government additionally argues that Ascencio's motion must be denied as he "offers no proof that he has exhausted administrative remedies . . . as required by 18 U.S.C. § 3582(c)(1)(A)." *See* Dkt. No. 168 at 8; *see also Keller*, 2 F.4th at 1282 (explaining that administrative exhaustion of compassionate release claims is "a mandatory claim-processing rule that must be enforced when properly invoked."). Attached to Ascencio's motion, however, is a letter from the acting warden of MCFP Springfield, dated September 11, 2024, which denied his request for a reduction in sentence. *See* Dkt. No. 165-1 at 8. It is unclear—and the Government does not provide any explanation—why that letter is not sufficient to show exhaustion of administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Consequently, the Court declines to deny Ascencio's motion on exhaustion grounds.